**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 12-00920 VAP (DTBx)                    Date:  September 13, 2012

Title:    FRONTERA TELEVISION NETWORK LLP -v- ALEJANDRO CARRILLO GARZA SADA, et al.
===============================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

|  |  |
|---|---|
| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS:       MINUTE ORDER DISMISSING PLAINTIFF'S CLAIMS, IMPOSING RULE 11 SANCTIONS, AND VACATING THE SEPTEMBER 17, 2012 HEARING (IN CHAMBERS)

    The Court has received and considered all papers submitted in support of the Motion to Dismiss (Doc. No. 5) and Motion for Sanctions (Doc. No. 13) filed by Defendants Erwin Lino, David Lopez, and Roberto Calleja ("Defendants").  Both motions are appropriate for resolution without a hearing.  <u>See</u> Fed. R. Civ. P. 78; L.R. 7-15.

EDCV 12-00920 VAP (DTBx)
FRONTERA TELEVISION NETWORK LLP v. ALEJANDRO CARRILLO GARZA SADA, et al.
MINUTE ORDER of September 13, 2012

    On August 6, 2012, Defendants filed their Motion to Dismiss, which was set for hearing on September 17, 2012. Plaintiff Frontera Television Network, LLP, was required to file an opposition to Defendants' Motion on or before August 27, 2012. See L.R. 7-9. No opposition was filed.[1] Pursuant to Local Rule 7-12, failure to oppose a motion is deemed consent to the Court granting the motion. The Court therefore DISMISSES Plaintiff's claims against Defendants Erwin Lino, David Lopez, and Roberto Calleja WITHOUT PREJUDICE. The Court further VACATES the September 17, 2012, hearing on the Motion to Dismiss filed by those Defendants.

    On August 20, 2012, Defendants filed (1) a Motion for Sanctions against Plaintiff Frontera Television Network, LLP, and Plaintiff's Counsel ("Motion"), and (2) the Declaration of Christopher L. Ludmer ("Ludmer Decl."). The Motion for Sanctions was also set for hearing on September 17, 2012. Plaintiff Frontera Television Network, LLP, was required to file an opposition to Defendants' Motion on or before August 27, 2012. See L.R. 7-9. No opposition was filed.

## I. BACKGROUND

    On June 7, 2012, Plaintiff Frontera Television Network, LLP filed a Complaint (Doc. No. 132) against Defendants Alejandro Carrillo Garza Sada; GM Global S.A. de CV; Erwin Lino; David Lopez; Roberto Calleja; Hugo Vigues; Alfredo/Carrillo Chontkowsky; Jose Carrillo Chontkowsky; Alejandro Ramirez Gonzalez; SISA S.A. De CV; Manuel Gascon; and Jiramos S.A. de C.V. Plaintiff alleged (1) RICO

---

[1] On September 12, 2012, Plaintiff's counsel, Maxwell Agha, filed a request to continue the September 17, 2012 hearing on the Motion to Dismiss (Doc. No. 17). Mr. Agha alleges that Jose Aquino, the principal, president/managing member, and sole shareholder of Plaintiff Frontera Television Network, LLC, threatened Mr. Agha, violated the retainer agreement between Mr. Agha and Mr. Aquino, and violated business and profession codes. While the situation appears to be dire, Mr. Agha gives no dates for when this conduct occurred. Mr. Agha brings this request at the 11th hour, 16 days after Plaintiff's opposition to the Motion to Dismiss is due and five days before the hearing date. Mr. Agha has not shown good cause to support this untimely request. Accordingly, the Court denies his request for continuance.

MINUTES FORM 11                                          Initials of Deputy Clerk ___md____
CIVIL -- GEN                                Page 2

**EDCV 12-00920 VAP (DTBx)**
**FRONTERA TELEVISION NETWORK LLP v. ALEJANDRO CARRILLO GARZA SADA, et al.**
**MINUTE ORDER of September 13, 2012**

violations (18 U.S.C. § 1962(c) and (d)); (2) fraud; (3) breach of fiduciary duty; (5) negligent misrepresentation; (6) injunctive relief; and (7) breach of contract.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 11(b) provides, in relevant part, that an attorney who files a document certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" it is (1) "not being presented for an improper purpose"; (2) "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law"; and (3) "the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."

"The attorney has a duty prior to filing a complaint not only to conduct a reasonable factual investigation, but also to perform adequate legal research that confirms whether the theoretical underpinnings of the complaint are warranted by existing law or a good faith argument for an extension, modification or reversal of existing law." Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002) (citation, internal quotation omitted). When "a complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." Id. (citation omitted); Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc). A paper is "frivolous" if it is "both baseless and made without a reasonable and competent inquiry." Townsend, 929 F.2d at 1362.

The purpose behind Rule 11 is "to deter baseless filings in district court." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990) (citations omitted). An award of attorney's fees, therefore, is not automatic when the Court finds a Rule 11 violation. The Ninth Circuit has observed, "Rule 11 provides for sanctions, not fee shifting. It is aimed at deterring, and, if necessary punishing improper conduct rather than merely compensating the prevailing party." United States ex rel. Leno v.

EDCV 12-00920 VAP (DTBx)
FRONTERA TELEVISION NETWORK LLP v. ALEJANDRO CARRILLO GARZA SADA, et al.
MINUTE ORDER of September 13, 2012

Summit Constr. Co., 892 F.2d 788, 790 n.4 (9th Cir. 1989) (citation and internal quotations omitted).

### III. DISCUSSION
#### A. Safe Harbor

Rule 11(c) provides a 21-day safe harbor period. Under this provision, sanctions may not be imposed if the challenged claim is withdrawn within 21 days after service of the sanctions motion. Sneller v. City of Bainbridge Island, 606 F.3d 636, 639 (9th Cir. 2010), citing Fed. R. Civ. P. 11(c)(2).

Defendants served a copy of the Rule 11, along with a letter to Plaintiff's counsel, on July 30, 2012. (Ludmer Decl. ¶ 5). Plaintiff has not withdrawn its claims. On August 20, 2012, 21 days later, Defendants filed this Rule 11 Motion.

#### B. Adequate Legal and Factual Basis

The Court must first determine "whether the complaint is legally or factually baseless from an objective perspective." Christian, 286 F.3d at 1127 (citation omitted).

In order to state a civil RICO claim under 18 U.S.C. § 1962(c), "a plaintiff must allege (1) conduct, (2) of an enterprise, (3) through a pattern, and (4) of racketeering activity." Jarvis v. Regan, 833 F.2d 149, 151-52 (9th Cir. 1987). In order to state a claim under 18 U.S.C. § 1962(d), a plaintiff must allege that a person "conspire[d] to violate any of the provisions" of 18 U.S.C. § 1962(a), (b), or (c). 18 U.S.C. § 1962(d). Rule 9(b)'s requirement of "stat[ing] with particularity the circumstances constituting fraud or mistake" applies to civil RICO claims. Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065-66 (9th Cir. 2004).

The Complaint alleges violations of RICO under 18 U.S.C. § 1962(c) and (d), but fails to allege any facts to support the necessary elements of the claims. The Complaint concedes that "there have been numerous other predicate acts by defendants that are presently unknown to plaintiff." In particular, Plaintiff fails to allege any facts to demonstrate a "pattern of racketeering activity." "In order to constitute a 'pattern,' there must be at least two acts of racketeering activity within ten years of one another." Turner v. Cook, 362 F.3d 1219, 1229 (9th Cir. 2004).

EDCV 12-00920 VAP (DTBx)
FRONTERA TELEVISION NETWORK LLP v. ALEJANDRO CARRILLO GARZA SADA, et al.
MINUTE ORDER of September 13, 2012

"[I]n order to allege open-ended continuity, a RICO plaintiff must charge a form of predicate misconduct that 'by its nature projects into the future with a threat of repetition.'" Id. at 1229 (internal citation omitted). Here, Plaintiff only alleges a single isolated act (executing a contract) with a single isolated goal (obtaining campaign money from the Mexican government). Plaintiff does not allege any facts to support continuity or a threat of repetition.

Furthermore, Plaintiff does not allege facts to demonstrate the existence of an enterprise. "The 'enterprise' is not the 'pattern of racketeering activity'; it is an entity separate and apart from the pattern of activity in which it engages." Odom v. Microsoft Corp., 486 F.3d 541, 549 (9th Cir. 2007). "To establish the existence of such an enterprise, a plaintiff must provide both evidence of an ongoing organization, formal or informal, and evidence that the various associates function as a continuing unit." Id. at 552. Plaintiff does not satisfy this requirement. Defendants are not separate and apart from the alleged racketeering activity; rather, the alleged enterprise exists only to commit a single act for a single purpose: execute a contract in order to obtain funding from the Mexican government. There are no facts to demonstrate that Defendants are functioning as a continuing unit. Plaintiff's allegations are insufficient to demonstrate the existence of an enterprise.

The Ninth Circuit has held that the existence of non-frivolous claims in a complaint does not immunize it from Rule 11 sanctions. Holgate, 425 F.3d at 676, citing Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1364 (9th Cir. 1990). Accordingly, because the Court concludes Plaintiff's RICO claims lacked a basis in law and fact, it need not assess the legal support for the Plaintiff's state law claims.

### C. Reasonable Inquiry

An attorney must "conduct[] a reasonable and competent inquiry before signing and filing [the complaint]." Christian, 286 F.3d at 1127 (citation omitted). "An attorney's responsibility to conduct a reasonable prefiling investigation is particularly important" in RICO claims. Burnette v. Godshall, 828 F. Supp. 1439, 1448 (N.D. Cal. 1993). It is clear from the Complaint that Plaintiff did very little, if any, investigation in composing its allegations. As stated above, the Complaint lacks any facts to support the RICO claims, and concedes that "there have been numerous other predicate acts by defendants that are presently unknown to

EDCV 12-00920 VAP (DTBx)
FRONTERA TELEVISION NETWORK LLP v. ALEJANDRO CARRILLO GARZA SADA, et al.
MINUTE ORDER of September 13, 2012

plaintiff." Plaintiff's failure to investigate falls below the standard established by Rule 11.

### D. Amount of Sanctions

As discussed above, the RICO claims asserted in the Complaint are frivolous. Plaintiff apparently does not contest this finding, as it failed to file an opposition to the Motion for Sanctions. The Court further notes that the only action taken by Plaintiff or Plaintiff's counsel in this matter since filing the Complaint is (1) Plaintiff's filing of a Motion for Substitution of Attorney (Doc. No. 6) which the Court denied on the basis that a limited liability partnership must be represented by counsel (Doc. No. 9); (2) Plaintiff's counsel's filing of an Ex Parte Application to Withdraw As Counsel (Doc. No. 14), which the Court denied on the basis that there was no good cause for ex parte relief (Doc. No. 16); and (3) Plaintiff's counsel's filing of a request for continuance for the Motion to Dismiss hearing (Doc. No. 17), which the Court denied in this order on the basis that it was untimely.

"A sanction imposed [under Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4); Hyde v. Midland Credit Mgmt., Inc., 567 F.3d 1137, 1141 (9th Cir. 2009). "The sanction may include . . . , if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

Attorney's fees awarded under Rule 11 must be (1) "reasonable;" (2) limited to fees "incurred as a direct result of the violation;" and (3) "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2). "The measure to be used 'is not actual expenses and fees but those the court determines to be reasonable." In re Yagman, 796 F.2d 1165, 1185 (9th Cir. 1986).

Defendants request that the Court award "their cost and fees incurred in responding to the Complaint and bringing this Motion and [the] separately filed Motion to Dismiss." (Mot. at 11-12). Defendants state that the Motion to Dismiss

**EDCV 12-00920 VAP (DTBx)**
**FRONTERA TELEVISION NETWORK LLP v. ALEJANDRO CARRILLO GARZA SADA, et al.**
**MINUTE ORDER of September 13, 2012**

and Motion for Sanctions, together, have cost "more than $19,000 in attorneys' fees." (Ludmer Decl. ¶ 14). Defendants, however, do not provide a breakdown of their requested fees.

Defendants are directed to submit billings for all matters on which they are seeking reimbursement by September 21, 2012.

## IV. CONCLUSION

Plaintiff filed a frivolous Complaint in violation of Rule 11. Accordingly, the Court GRANTS the Motion for Sanctions. The Court takes the matter under submission as to the amount of sanctions. The Court further VACATES the September 17, 2012, hearing on the Motion for Sanctions.

**IT IS SO ORDERED.**