MAXWELL C AGHA, SBN 153625
BANKER'S HILL LAW FIRM APC
160 THORN STREET, SUITE 200
SAN DIEGO, CA 92103
TEL: 619-230-0330
FAX: 619-230-1726

Attorney for Plaintiff,
**JOSE AQUINO**

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRONTERA TELEVISION NETWORK LLP, <br><br>Plaintiff, <br><br>vs. <br><br>ALEJANDRO CARRILLO GARZA SADA; GM GLOBAL S.A.de CV; ERWIN LINO; DAVID LOPEZ; ROBERTO CALLEJA; HUGO VIGUES; ALFREDO/CARROLLO CONTKOWSKY; ALEJANDRO RAMIREZ GONZALEZ; SISA S.A.de cv; MANUEL GASCON; JIRAMOS S.A.de CV; and DOES 1-100, <br><br>Defendants. | Case No.: EDCV 12-00920 VAP (DTBx) <br><br>**MAXWELL C AGHA'S RESPONSE TO DECLARATIONS OF CHRISTOPHER L. LUDMER, ESQ AND MICHAEL PANCER ESQ REGARDING FEES AND COSTS IN RESPONDING TO PLAINTIFF'S FRIVOLOUS COMPLAINT; MAXWELL C AGHA DECLARATION; POINTS AND AUTHORITIES IN SUPPORT OF RESPONSE** <br><br>Judge: Hon. Virginia A. Phillips <br>Complaint Filed: June 7, 2012 |

MAXWELL C AGHA hereby submits the following response to Declarations of Christopher L. Ludmer and Michael Pancer regarding fees and costs in responding to plaintiff's frivolous complaint.

## I.

## FACTS

On or about late May or early June 2012, Plaintiff's President, sole shareholder and Principal, JOSE AQUINO (hereinafter "AQUINO") reached out to BANKER'S HILL LAW FIRM APC regarding a complaint against the above named Defendants.

On or about early June 2012, BANKER'S HILL LAW FIRM APC made reasonable attempts to conduct their own inquiries, investigation and requested AQUINO, to provide them with more additional background information.

On or about June 4, 2012, AQUINO, responded with an email and attached a word documents detailing the chain of events that took place and the need to file the lawsuit that particular week and before the Mexican election. (EXHIBIT A – a copy of the email and not the word document is attached to this Points and Authorities in order to protect any privileges that may still be available to the parties).

On or about June 4, 2012, Plaintiff's Attorney reasonably relied on the word document provided by AQUINO, before filing the above mentioned complaint. AQUINO provided Plaintiff's counsel with contract executed by AQUINO and several of the Defendants. Plaintiff's counsel was in the process of obtaining an official translated version of the contract before there was a breakdown in relations between Plaintiff's counsel and AQUINO. It is important to note that this contract calls for jurisdiction to be in California.

When Defendants' Attorney Christopher L. Ludmer and Michael Pancer "pointed out to Plaintiff's counsel the numerous and factual problems with [the] Complaint" (Declaration of Michael Pancer, Page 2, Line 20, ¶4), Plaintiff's attorney attempted to resolve the issue with AQUINO by either amending the complaint or agreeing to a stipulation to dismiss the represented Defendants. AQUINO wanted to work on a stipulation to dismiss the represented Defendants. (EXHIBIT B – A copy of the prepared stipulation).

Plaintiff's attorney MAXWELL C AGHA and Defendants' Attorney Christopher L. Ludmer and Michael Pancer worked tirelessly on a stipulation to dismiss the represented Defendants from the Complaint. This stipulation was met with stiff and unreasonable request by AQUINO. Thus, the stipulation to dismiss the represented Defendants was not signed.

During Plaintiff's attorney representation of Plaintiff, Plaintiff consistently failed to comply with their duties as a client and detrimentally affected the attorney-client relationship to preclude continued representation. Plaintiff, through Mr. Aquino, has made extrajudicial statements to the press, without the knowledge or guidance of Plaintiff's Attorney.

Under CRPC 3-200, it prohibits the acceptance or continuance of representation when there is no probable cause for advocacy and when the purpose of the advocacy is to harass or maliciously injure another person. Plaintiff's attorney has sent multiple letters to Plaintiff explaining their desire to withdraw based upon Plaintiff's failure to act in concurrence with Plaintiff's attorney judgment, advice, and counsel etc.

AQUINO made threats to Plaintiff's attorney MAXWELL C AGHA and it is apparent these threats violate the California Penal Code. (EXHIBIT C – threats by AQUINO). Plaintiff's attorney believes that AQUINO has violated the Attorney-Client privilege and provisions of the Retainer Agreement between the parties, by speaking with outside sources, including the Mexican media, regarding the underlying legal matter.

Plaintiff's attorney provided AQUINO with more than adequate time to find replacement counsel before the September 17, 2012 motion to dismiss hearing date.

## II.

## ARGUMENT

### A. THE RULE 11 SANCTIONS SHOULD NOT BE IMPOSED ON PLAINTIFF'S ATTORNEY, MAXWELL C AGHA

Sanctions may be imposed on a party alone, rather than on the lawyer, where "a party misleads an attorney as to facts or the purpose of a lawsuit, but the attorney nevertheless had an objectively reasonable basis to sign the papers in question." *Calloway v. Marvel Enterprises Group*, 854 F.2d at 1475.

By its express terms, Rule 11 addresses what the attorney knew and believed, or would have learned through reasonable inquiry, at the time in question. The only relevant inquiry is counsel's knowledge and conduct at the time. *See In re Western Die Casting Co.*, 106 B.R. 645, 648 (Bankr. N.D. Cal 1989). The Court must recognize that the Responding Attorneys cannot fully describe the inquiry they made without violating any attorney-client privileges available to the plaintiff. The underlying facts and accompanying Declaration of MAXWELL C AGHA further show that the Responding attorneys conducted reasonable inquiries by making a request for information regarding the case from AQUINO. AQUINO provided facts and

timeline regarding meetings and discussions with the Defendants. AQUINO provided contracts executed between AQUINO and several of the Defendants in the underlying lawsuit. AQUINO provided business cards of several of the Defendants in this underlying lawsuit. AQUINO provided names of bank accounts where the alleged campaign funds were allegedly deposited pursuant to his contracts.

However, when Defendants' Attorney Christopher L Ludmer and Michael Pancer "pointed out to Plaintiff's counsel the numerous and factual problems with [the] Complaint" (Declaration of Michael Pancer, Page 2, Line 20, ¶4), Plaintiff's attorney, through plaintiff's request made reasonable attempts to resolve the issues. Such attempts were met with threats and unreasonable requests by AQUINO.

## III.

## CONCLUSION

Plaintiff's attorney, MAXWELL C AGHA recognizes and has always recognized his duties of candor and truthfulness. The accompanying Declaration of MAXWELL C AGHA show that he acted honestly, in good faith and reasonably relied on the representation made by AQUINO.

Plaintiff's attorney, MAXWELL C AGHA respectfully requests that the Rule 11 sanctions should not be impose on him.

Respectfully Submitted:

BANKER'S HILL LAW FIRM APC

Dated: 9/24/2012            By: _____
                                 MAXWELL C AGHA
                                 Attorney for Plaintiff, **JOSE AQUINO**

///

///

///

# DECLARATION

I, MAXWELL C AGHA, declare as follows:

1. The statements set forth below are of my own personal knowledge and if called as a witness, I could and would competently testify to the truth of the statements contained herein.

2. I am an attorney at law, duly licensed to practice before all of the courts of the State of California, and am senior partner in the law firm of Banker's Hill Law Firm, A.P.C., attorneys of record for Plaintiff, FRONTERA TELEVISION NETWORK, LLP., herein. I am the attorney responsible for the prosecution of this litigation and am knowledgeable about the files and records herein. I am responsible for certain administrative functions in this firm and I am knowledgeable regarding the statements set out in this case.

3. Throughout my representation of Plaintiff, I have exercised due diligence and performed to the best of my ability. As Attorney Christopher L Ludmer and Attorney Michael Pancer indicated in their declaration, there were multiple conversations between our offices *before* and *after* Defendants filed their Motion to Dismiss.

4. On or about early June 2012, BANKER'S HILL LAW FIRM APC made reasonable attempts to conduct their own investigation and requested AQUINO, to provide them with more additional background information regarding the above mentioned matter.

5. Further, on or about June 4, 2012, AQUINO, responded with an email and attached a word documents detailing the chain of events that took place and the need to file the lawsuit that particular week and before the Mexican election. (EXHIBIT A – a copy of the email and not the word document is attached to this Points and Authorities in order to protect any privileges that may still be available to the parties). In response to our inquiries, AQUINO provided contracts executed by several of the Defendants in this underlying lawsuit, remails between him and several of the Defendants in this underlying lawsuit, business cards of several of the Defendants in this underlying

lawsuit and bank information regarding where the alleged campaign funds were deposited.

6. On or about June 4, 2012, Plaintiff's Attorney reasonably relied on the facts and documents provided by AQUINO, before filing the above mentioned complaint.

7. However, when three of the represented Defendants through counsel approached me with issues regarding numerous and factual problems with the complaint, I attempted to resolve the issue regarding the numerous and factual problems with the Complaint with AQUINO. I stated to AQUINO that he can either amend the complaint or agree to a stipulation to dismiss the represented Defendants. AQUINO was unable to provide me with the necessary information to amend the complaint and instead wanted to work on a stipulation to dismiss the represented Defendants.

8. Defendants' Attorney Christopher L. Ludmer and Michael Pancer and I worked tirelessly on a stipulation to dismiss the represented Defendants from the Complaint. This stipulation was met with stiff and unreasonable request by AQUINO. Thus, the stipulation to dismiss the represented Defendants was not signed.

9. AQUINO refusal to act in concurrence with my judgment, advice, and counsel has detrimentally affected the attorney-client relationship so as to preclude my ability to adequately represent Plaintiff.

10. During the course of representation, Plaintiff has performed numerous actions in contrary with my legal advice, judgment, and guidance. After the complaint was filed, Plaintiff made several extrajudicial statements to the press without my knowledge or guidance.

11. Under CRPC 3-200, it prohibits the acceptance or continuance of representation when there is no probable cause for advocacy and when the purpose of the advocacy is to harass or maliciously injure another person.

12. As the court is aware, I attempted to have Plaintiff agree to file a substitution of attorney or in the alternative to stipulate to grant me leave to withdraw as counsel.

Plaintiff had informed me that they already had alternative counsel prepared to take this case. Unfortunately, this was merely a threat and false statements by AQUINO.

13. I was misled by AQUINO in that he failed to provide me with the necessary information to enable the complaint to be amended and during the course of my representation. I firmly believe that AQUINO has violated California Penal Code and Business & Profession Codes by using a lawyer's services, my legal services, to commit fraud and misrepresentation

14. Prior to receiving Defendants Rule 11 motion, I requested that AQUINO finds new counsel to take over this underlying lawsuit.

15. I respectfully request that the Rule 11 sanctions should not be impose on me.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and information under the laws of the State of California.

Executed this 24th day of September, 2012, in San Diego, California.

Dated: 9/24/2012        By: _____
                             MAXWELL C AGHA
                             Declarant